FILED
JUN 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL ARIS SUGARMAN,
PLAINTIFF,
FCI - Victorville
POB 5700
V, Adelanto, CA 92301

TERESA BANKS, WARDEN;
JOHNSON, CAPT.; GIBBS,
A/W CUSTODY; GRIEVES,
LT.; J. MORALES, LT.;
MCVEY, CO; C.O WALK-
ER, LT.; J. GRIMSLEY
LT.; T. RUSSELL, LT.;
HORTON, UNIT MGR.; EST
ROOA, UNIT MGR.; UNEN-
ERSON, UNIT COUNSELOR; A.
WILLIAMS, UNIT COUNSELOR;
MS. CHOWARS, CASE MGR.;
R.M. PEREZ, CASE MGR.;
R. GREEN, ED. TECH; E.
BLOUNT, SES TECH.; MOR-
ENO, SES LT; P. BARO-
JAS, SOS; MS. SAWYER,
DHO; F. SEMAIN, UNIT
MGR.; J. COVARRUBIE, SUS;

CASE NUMBER 1:06CV01096
JUDGE: Richard W. Roberts
DECK TYPE: Pro se General Civil
DATE STAMP: 06/15/2006

Complaint

CIVIL ACTION No. _____

CIVIL RIGHTS ACTION FOR VIOLATIONS OF CON-STITUTIONAL RIGHTS UNDER THE 4TH, 5TH AND 8TH AMENDMENTS. ALSO VIOLATIONS OF 42 U.S.C. §1981, §1983, §1985 AND §1986) 18 U.S.C. (001) AND VARIOUS R.E. CO. STATUTES (18 U.S.C. §1951(a)) AND 21 U.S.C. §48, (CCE) CONTINUING CRIMINAL ENTERPRISE WHEREALL PARTIES (DEFENDANTS) ARE A PARTY TO

RECEIVED
JUN 01 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

J. Smer, C/O; Placker
Asoe; Garcia, N/E; G.
Pur, C/O; Long, Complainant; Salazar, Complainant;
Carbahol, (OIC-N/N).
DEFENDANTS

I. Complaint

1. Plaintiff, Neil Paris Sugarman, Pro Se, for may complaint states the following:

II. Parties, Jurisdiction and Venue

2. Plaintiff, Neil Paris Sugarman was confined in the Federal Correctional Institution II, located at P.O. Box 5200; Adelanto, Ca. 92301; in the state of California from September 15, 2005, to the present. Plaintiff is currently confined at FCI II Victorville; P.O. Box 5200; Adelanto, Ca. 92301.

3. Plaintiff, Neil Paris Sugarman is, and was at all times mentioned herein, an adult citizen of the United States and resident of the State of California.

-2-

4. DEFENDANT, TERESA R. BANKS WAS AT ALL RELEVANT TIMES HEREIN WARDEN, FCI II VICTORVILLE.

5. DEFENDANT, JOHNSON WAS AT ALL RELEVANT TIMES HEREIN CAPTAIN OF FCI II VICTORVILLE.

6. DEFENDANT, GIBBS WAS AT ALL RELEVANT TIMES HEREIN ASSOCIATE WARDEN of CUSTODY of FCI II VICTORVILLE.

7. DEFENDANT, GRIEVES WAS AT ALL RELEVANT TIMES HEREIN A LT. AT FCI II VICTORVILLE.

8. DEFENDANT, J. MORALES WAS AT ALL RELEVANT TIMES HEREIN A LT. AT FCI II VICTORVILLE.

9. DEFENDANT, McVEY WAS AT ALL RELEVANT TIMES HEREIN A LT. AT FCI II VICTORVILLE.

10. DEFENDANT, J. GRIMSLEY WAS AT ALL RELEVANT TIMES HEREIN A LT. AT FCI II VICTORVILLE.

11. DEFENDANT, T. RUSSELL WAS AT ALL RELEVANT TIMES HEREIN A LT. AT FCI II VICTORVILLE.

12. Defendant, Morton was at all relevant times therein an <u>Unit Manager</u> at FCR II Victorville.

13. Defendant, Estrada was at all relevant times therein an <u>Unit Manager</u> at FCR II Victorville.

14. Defendant, Henderson was at all relevant times therein an <u>Unit Counselor</u> at FCR II Victorville.

15. Defendant, D. Williams was at all relevant times therein an <u>Unit Counselor</u> at FCR II Victorville.

16. Defendant, Mr. Howard was at all relevant times therein a <u>Case Manager</u> at FCR II Victorville.

17. Defendant, R.M. Perez was at all relevant times therein a <u>Case Manager</u> at FCR II Victorville.

18. Defendant, Mr. Edwards was at all relevant times therein an <u>Unit Counselor</u> at FCR II Victorville.

19. Defendant, M. Green was at all relevant times therein an <u>Education Tech.</u> at FCR II Victorville.

20. DEFENDANT, E. BLOUNT WAS AT ALL RELEVANT TIMES HEREIN AN SIS TECH. AT FCI II VICTORVILLE.

21. DEFENDANT, MS. SAWYER WAS AT ALL RELEVANT TIMES HEREIN A CASE MANAGER AND DISCIPLINARY HEARING OFFICER (DHO) AT FCI II VICTORVILLE.

22. DEFENDANT, F. SERRANO WAS AT ALL RELEVANT TIMES HEREIN AN UNIT MANAGER AT FCI II VICTORVILLE.

23. DEFENDANT, J. COVERZONE WAS AT ALL RELEVANT TIMES HEREIN A SENIOR OFFICER SPECIALIST, IN THE SHU, AT FCI II VICTORVILLE.

24. DEFENDANT, J. SUTER WAS AT ALL RELEVANT TIMES HEREIN A CORRECTIONAL OFFICER AT FCI II VICTORVILLE.

25. DEFENDANT, PLOCKER WAS AT ALL RELEVANT TIMES HEREIN THE ASSISTANT SUPERVISOR OF THE EDUCATION DEPT. AT FCI II VICTORVILLE.

26. DEFENDANT, GARCIA WAS AT ALL RELEVANT TIMES HEREIN THE SUPERVISOR OF EDUCATION AT FCI II VICTORVILLE.

-5-

27. DEFENDANT, P. BOROJOS WAS AT ALL RELEVANT TIMES A <u>SENIOR OFFICER SPECIALIST</u> AT FCI II VICTORVILLE.

28. DEFENDANT, C. RUIZ WAS AT ALL RELEVANT TIMES WORKING A <u>CORRECTIONAL OFFICER AT FCI II VICTORVILLE</u>.

29. DEFENDANT, LONG WAS AT ALL RELEVANT TIMES WORKING A <u>CHAPLAIN</u> AT FCI II VICTORVILLE.

30. DEFENDANT, SALAZAR WAS AT ALL RELEVANT TIMES WORKING A CHAPLAIN AT FCI II VICTORVILLE.

31. DEFENDANT, CARB ALDA WAS AT ALL RELEVANT TIMES WORKING AN <u>OFFICER IN CHARGE IN THE SPECIAL HOUSING UNIT</u> (SHU) AT FCI II VICTORVILLE.

32. THIS ACTION ARISES UNDER AND IS BROUGHT PURSUANT TO 28 U.S.C. §1331, 42 U.S.C. §1981, §1985 AND §1986; 18 U.S.C. §1001, 18 U.S.C. §§ 51 & 7; AND 21 U.S.C. §848; TO REDRESS THE DEPRIVATION, UNDER THE COLOR OF FEDERAL LAW OF RIGHTS GUARANTEED BY THE 1ST, 4TH, 5TH, AND 8TH AMENDMENTS TO THE

-6-

United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

32. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283 and § 2284 and Rule 65 of the Federal Rules of Court Procedures.

### III. Previous Lawsuits By Plaintiff

33. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or other wise related to this imprisonment.

### IV. Exhaustion of Administrative Remedies

34. Plaintiff did attempt to use the prisoner grievance process wherever possible. Plaintiff had problems with B.O.P. staff (unit counselors and unit managers) not processing BP-9s and BP-9s in a timely manner, destroying BP-9s and BP-9s or refusing to process them at all. Proof of such facts will be offered in the

-7-

form of exhibits. And, Plaintiff did NOT get the opportunity to present all of his facts related to complaint in the B.O.P. grievance process, because of interference with (by B.O.P. staff, by

### IV. Statement of Claim

35. At all times (relevant) herein Defendants were "persons" for purposes of 28 U.S.C. § 1331 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

### V. Statement of Relevant Facts

36. Plaintiff was transferred from USP Victorville to FCI II Victorville on September 15, 2005 as a result of his custody level points dropping to 14 points (9-14 points qualify for a FCI). His Rev

-8-

Plaintiff was interviewed by SIS CO Monson. She was especially interested in the visible tattoos on my arms, but she took no pictures of them which made me very suspicious. All she wanted to talk about was Bubby Rose, who was an A/B (Aryan Brotherhood) who was in the same unit as her at USP Victorville. Plaintiff was in the same unit (6B) as Bubby Rose at USP Victorville. Plaintiff explained, in no uncertain terms, that he was a Jew and no white Aryan Brotherhood would ever be a shot caller for him. Plaintiff was assigned initially to F lower housing unit. From the beginning, most never knew me the person but did know my reputation as a jailhouse lawyer. As I am, I have been designated for transfer to another institution but what such transfer is based on

-9-

Plaintiff is not sure but is in all likelihood retaliatory for not finding or briefing cases plaintiff brought to her attention.

### Inadequacies of Law Library in SHU

37. The fact is there is no law library in the SHU. Before plaintiff was locked-up in SHU on October (4) 2005 (first time in SHU), the computer in the SHU was damaged by an inmate and there was NOT attempt was made by B.O.P. staff to replace it. Now, there is only B.O.P. program statement in the allotted room that they designate as the Law Library.

38. If plaintiff wants a specific case, for instance, he would have to order such case from the educational Law Library and it would allegedly be sent

-6-

with the OSC in SLO (Carbadole). Then the plaintiff would have to send a request to the SLO OSC, to order such copies from the Education Law Library. This process is deeply flawed. Since coming to PVSP on April 26, 2006, plaintiff has <u>NOT BEEN</u> allowed to see any of the copies that he has ordered from the Education Law Library, starting with the second request that he sent to the Education Law Library (the first request was never answered) on May 6, 2006. (See Exhibit "J' Ambion")

So far, plaintiff has been denied access to an adequate law library and is unable to do adequate research. Plaintiff has cases pending in (3) different courts: one in the US District Court for the Central District of California (Writ of Habeas Corpus (22411 (CV-05-7984-TJW(E)

-11-

and civil action 05-2392-RWR and civil action 06-0208 in the above memorable court, and a 2255 motion that filed into the U.S. District Court for the Eastern District of California. Consequently, plaintiff has filed motions in all the above cases, to put them in abeyance until case is transferred and has access to an adequate law library.

<u>Denial of access to and/or <b>inter-ference</b> with pursuit of administrative remedies.</u>

40. Since coming to FCI Victorville on November 15, 2005, plaintiff has had constant problems filing any and all BP-8, BP-9 and BP-10's (complaint forms) and inmate form processes. Initially the problem was with his unit counselor, Mr. Williams, alleging that he was not reading plain-

-12-

tiff's writing and without plaintiff then started typing the BP-8's, law will could not process them in a timely manner; starting with a BP-8 grievance on Incident Report #1386410 that law never filed the BP-9 with the Warden's office. So, in essence, law destroyed any informal attempt at resolution and administrative remedy.

41. Plaintiff has had grievances be sent back from the region (BP-10) with Remedy ID's #383809-R1 and #379317-R1 that were answered but not received until 2 weeks after such answer and #379317-R1 was rechecked mid-route the first repack of business BP-9 response. (See Exhibit "A" and "B"). So the interference and/or problem didn't just lie at FCI Victorville but also the Western Regional office. B.O.P. staff didn't seem to take the administrative

—13—

remedy process process seriously.

42. Plaintiff did track (of the) recently filed grievances from BP-9 to BP-11. Of 100 new grievances only two(2) made it to BP-11 and were answered. That means that few of plaintiff's grievances were interfered with and were stopped before they reached BP-11. If plaintiff did indeed track into all the grievances filed since September 15, 2005, the percentage being processed would be less than 10%. Most of plaintiff's grievance (BP-8) were not processed by unit counselors (P. Williams and Wendergram). So, how could plaintiff possibly exhaust his administrative remedies? He could NOT because the administrative remedy program did not work because of B.O.P. tampering with such program at all levels (Institutional, Regional and

-14-

In August 2003 when a MRI was done and Plaintiff did see an orthopedic surgeon (Ahmed) but no surgery was recommended. The Diagnostic Exam (MRI) of Right Knee dated August 18, 2003 and BP-8, BP-9 (#379317-R1) and Tort Claim TRT-WXR-2005-03723 dated May 20, 2005. See Exhibits "B", "L" and "N".

**Inadequate Opportunity to Practice Religion**

44. Since arriving at FCI Victorville, there was no Rabbi. There was a Rabbi who came once a month, starting in early 2006. When a Rabbi started coming. When such Rabbi (Lazar) did come, there was no prior notification; and Plaintiff saw such Rabbi only one (1) one occasion (time) from September 15, 2005, to the present. Both Chaplains, Salazar and Long, were

-15-

not responsive to plaintiff's religious needs. They both place a substantial burden on plaintiff's ability to practice his religion (Judaism) according to the Torah and religious laws and traditions. With respect to Victorville, there was no celebration that took place of any special holiday which would be allowed according to Bureau policy.

### Prayer for Relief

Plaintiff requests an order declaring that the defendants have acted in violation of the United States Constitution.

Plaintiff requests $500,000.00 as compensatory damages.

Dated this 27th day of May 2006.

Neil Aron Noorman

I declare under penalty of perjury that the foregoing is true and correct.

Neil Aron Noorman
#56205-097

central office. No, it would be, was and will continue to be futile to exhaust administrative remedies on any issue concerning plaintiff's prison life.

### INADEQUATE MEDICAL CARE SPECIFIC INSTANCES

43. On June 20, 2005, plaintiff re-injured his right knee while incarcerated at U.S.P. Victorville. At that time, plaintiff was NOT given adequate medical treatment. The knee swelled up and was trouble walking for several weeks. There was no evaluation done on such knee. Plaintiff was not seen by an orthopedic doctor. Also, plaintiff has a bulge on the left or his groin area which was diagnosed by Dr. Barton as a hernia but no treatment was offered. The right knee problem was last evaluated