Leave to file GRANTED.
R.W. Roberts, U.S.D.J.
9-6-06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL PARIS SUGARMAN, | CIVIL RIGHTS COMPLAINT PURSUANT TO 28 U.S.C. § 1331 AND § 1391. |
| PLAINTIFF, | |
| v. | CIVIL ACTION NO. 06-1096 (RWR) |
| TERESA BANKS, ET AL., | |
| DEFENDANTS. | <u>ADDITIONAL VIOLATIONS OF 42 U.S.C. §1981, §1983, §1985 AND §1986; AND VARIOUS R.I.C.O. STATUTES WHICH WOULD INCLUDE 18 U.S.C. 1951(a) AND 21 U.S.C. §848 (CCE) CONTINUING CRIMINAL ENTERPRISE</u> |

I.
<u>COMPLAINT</u>

1. PLAINTIFF, NEIL PARIS SUGARMAN, PRO SE, FOR THE COMPLAINT STATES AS FOLLOWS:

## II
## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Neil Paris Sugarman was confined in the Federal Correctional Institution, located at P.O. Box 5700, Adelanto, CA 92301, in the State of California from September 15, 2005 to the present. Plaintiff is currently confined at FCI II Victorville; P.O. Box 5700; Adelanto, CA 92301.

3. Plaintiff, Neil Paris Sugarman is, and was at all times mentioned herein an adult citizen of the United States and a resident of the State of California.

4. Defendant Teresa Banks was at all relevant times herein Warden, FCI II Victorville; P.O. Box 5700; Adelanto, CA 92301.

5. Defendant Johnson was at all relevant times herein Captain of FCI II Victorville; P.O. Box 5700; Adelanto, CA 92301.

6. Defendant, Gibbs was at all relevant times herein Associate Warden of Custody of FCI Victorville; P.O. Box 5700; Adelanto, CA 92301.

7. DEFENDANT, GRIEVES WAS AT ALL RELEVANT TIMES HEREIN A LT. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

8. DEFENDANT, J. MORALES WAS AT ALL RELEVANT TIMES HEREIN AN ACTING LT. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

9. DEFENDANT, MCVEY WAS AT ALL RELEVANT TIMES HEREIN A SHU LT. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

10. DEFENDANT, J. GRIMSLEY, WAS AT ALL RELEVANT TIMES HEREIN A LT. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

11. DEFENDANT, T. RUSSELL, WAS AT ALL RELEVANT TIMES HEREIN A LT. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

12. DEFENDANT, HORTON WAS AT ALL RELEVANT TIMES HEREIN A UNIT MANAGER OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

13. DEFENDANT, ESTRADA, WAS AT ALL RELEVANT TIMES HEREIN AN UNIT MGR. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

14. DEFENDANT, HENDERSON, WAS AT ALL RELEVANT TIMES HEREIN AN UNIT COUNSELOR OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

15. DEFENDANT, D. WILLIAMS, WAS AT ALL RELEVANT TIMES HEREIN AN UNIT COUNSELOR OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

16. DEFENDANT, MS. HOWARD WAS AT ALL RELEVANT TIMES HEREIN A CASE MGR. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

17. DEFENDANT, R.M. PEREZ, WAS AT ALL RELEVANT TIMES HEREIN A CASE MGR. OF FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA 92301.

18. DEFENDANT, MS. EDWARDS, WAS AT ALL RELEVANT TIMES HEREIN AN UNIT COUNSELOR OF FCI II VICTORVILLE; P.O. BOX

5700; Adelanto, Ca. 92301.

19. Defendant, M. Green, was at all relevant times herein an Education Tech. of FCI II Victorville; P.O. Box 5200; Adelanto, Ca. 92301

20. Defendant, E. Blount, was at all relevant times herein as SIS, Tech. of FCI II Victorville; P.O. Box 5200; Adelanto, Ca. 92301.

21. Defendant, Mr. Sawyer, was at all relevant times herein a DHO officer at FCI II Victorville; P.O. Box 5200; Adelanto, Ca. 92301.

22. Defendant, F. Semata, was at all relevant times herein an Unit Mgr. at FCI II Victorville; P.O. Box 5200; Adelanto, Ca. 92301.

23. Defendant, J. Caverzagie, was at all relevant times herein an Senior Officer Specialist at FCI II Victorville; P.O. Box 5200; Adelanto, Ca. 92301.

-5-

24. DEFENDANT, J. SAER, WAS AT ALL RELEVANT TIMES HEREIN A CORRECTIONAL OFFICER AT FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA. 92301

25. DEFENDANT, PLOCKER, WAS AT ALL RELEVANT TIMES HEREIN IN THE ASSISTANT SUPERVISOR OF THE EDUCATION DEPT. AT FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA. 92301

26. DEFENDANT, Ms. GARCIA, WAS AT ALL RELEVANT TIMES HEREIN THE SUPERVISOR OF EDUCATION FOR THE WHOLE FEDERAL PRISON COMPLEX LOCATED AT P.O. BOX 5700; ADELANTO, CA. 92301.

27. DEFENDANT, P. BARAJAS, WAS AT ALL RELEVANT TIMES A SENIOR OFFICER SPECIALIST AT FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA. 92301.

28. DEFENDANT, C. RUIZ, WAS AT ALL RELEVANT TIMES HEREIN A CORRECTIONAL OFFICER AT FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA. 92301.

29. DEFENDANT, SALAZAR, WAS AT ALL

RELEVANT TIMES HEREIN A CHAPLAIN AT FCI II VICTORVILLE; P.O. BOX 5700; ADELANTO, CA. 92301.

30. DEFENDANT, LONG, WAS AT ALL RELEVANT TIMES HEREIN A CHAPLAIN AT FCI II VICTORVILLE; P.O. BOX 5700, ADELANTO, CA. 92301.

31. DEFENDANT, CARBAJAL, WAS AT ALL RELEVANT TIMES AN OFFICER IN CHARGE IN THE SPECIAL HOUSING UNIT AT FCI II VICTORVILLE LOCATED AT P.O. BOX 5700; ADELANTO, CA. 92301.

32. THIS ACTION ARISES UNDER AND IS BROUGHT PURSUANT TO 28. U.S.C. § 1331, § 1391 AND 42 U.S.C. § 1981, § 1983, § 1985, § 1986; 18 U.S.C. § 1001, 18 U.S.C. 1951 (a); AND 21 U.S.C. § 848 (CCE) CONTINUING CRIMINAL ENTERPRISE; TO REMEDY THE DEPRIVATION, UNDER THE COLOR OF FEDERAL LAW OF RIGHTS GUARANTEED BY THE 1ST, 4TH, 5TH, AND 8TH AMENDMENTS TO THE UNITED STATES CONSTITUTION. THIS COURT HAS JURISDICTION OVER THIS ACTION

-7-

PURSUANT TO 28 U.S.C. § 1331; 28 U.S.C. § 1391 AND THE "HEAD QUARTERS DOCTRINE".

33. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. § 2283 AND § 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURES.

### III PREVIOUS LAWSUIT BY PLAINTIFF

34. PLAINTIFF HAS FILED NO OTHER LAWSUITS DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATIVE TO HIS IMPRISONMENT.

### IV EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. PLAINTIFF UTILIZES THE COURT MANDATED PRISONER GRIEVANCE PROCESS WHENEVER POSSIBLE AND FILED. PLAINTIFF HAS AN ONGOING PROBLEM WITH B.O.P STAFF NOT PROCESSING BP-8'S AND BP-9's, IN A TIMELY OR DESTROYING AND/OR REFUSING TO PROCESS SUCH ADMINISTRATIVE REMEDIES. PROOF OF SUCH FACTS

WILL BE OFFERED, IN THE FORM OF EXHIBIT. PLAINTIFF DID NOT GET AN OPPORTUNITY TO PRESENT ALL THE FACTS RELATED TO SAID COMPLAINT DUE TO THE INTERFERENCE BY STAFF (B.O.P.).

## II Statement of Claim

36. AT ALL RELEVANT TIMES HEREIN, DEFENDANTS WERE "PERSONS" FOR PURPOSES OF 28 U.S.C. § 1331 AND DID ACT UNDER THE COLOR OF LAW, TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS, AS SET FORTH MORE FULLY BELOW.

## III Statement of Facts - Relevant

37. PLAINTIFF WAS TRANSFERRED FROM USP VICTORVILLE TO FCI II VICTORVILLE ON SEPTEMBER 15, 2005; AS A RESULT OF HIS CUSTODY LEVEL POINTS DROPPING TO 14 POINTS (9-14 POINTS QUALIFY FOR FCI - AS PER P.S. 5100.07 - CUSTODY CLASSIFICATION MANUAL). AT R&D PLAINTIFF WAS INITIALLY INTERVIEWED BY SIS LT. MORENO. LT. MORENO WAS ESPECIALLY

interested in his alleged tattoos. But, such Lt. took no pictures of said tattoos which made plaintiff very suspicious. All Lt. Moreno wanted to talk about was inmate Bubba Roe who was, at that time being housed in the SHU at FCI II Victorville. So, plaintiff did take the time to explain to Lt. Moreno that he was a Jew and no member of the Aryan Brotherhood would ever be a shot caller for a Jew.

Plaintiff was assigned to F/Lower housing unit. From plaintiff's initial contact with staff at FCI II Victorville; they knew plaintiff as a jail-house lawyer and not as just another prisoner.

On June 27th of 2006, plaintiff was transferred back to USP Victorville. The basis of such transfer and whether it was, indeed, retaliatory will be addressed in plaintiff's next amended complaint.

### INADEQUATE LAW LIBRARY - SHU

The fact is there is no law library in the SHU at FCI II Victorville. Before plaintiff was locked-up in the

-10-

SHU, for the first time, on October 28, 2005, the computer in the alleged SHU law library was damaged by an inmate and no attempt was made to repair it. Now, there is only B.O.P. Program Statements in the SHU. Specific case while in the SHU, they would have to order such cases from the Education Law Library (in general population), and such cases would be left with the OIC (Officer-In-Charge) in the SHU. Then, the plaintiff would have to send a cop-out (inmate request to staff) to the SHU OIC, in order to view the cases order in their alleged law library. This process is deeply flawed since coming to the SHU on April 26, 2006, plaintiff has NOT been allowed to see any of the cases that he has ordered from the SHU, starting with the initial cop-out sent on May 6, 2006. (See Exhibit J)

40. On plaintiff's belief and knowledge the cases were delivered to OIC Carabajal (sp) but he says that he can't find them. So, so far, the plaintiff has been denied access to an adequate law library and is unable to do adequate research. Plaintiff has (3)

three different cases pending in U.S. District Courts. One (1) in the U.S. District Court for the Central District of California (Writ of Habeas Corpus - CV-05-7284-TJH (E)); Tort Claim in this Court (06-0208 (RWR)); and a 2255 motion in the Eastern District of California CI 806-CV-00636-AWI. Plaintiff has filed motions in all three (3) cases, to put them in abeyance until he is transferred and/or has access to an adequate law library.

### DENIAL OF ACCESS TO AND/OR INTERFERENCE WITH THE FILING OF ADMINISTRATIVE REMEDIES

41. Since coming to FCI at Victorville on 9/15/05, Plaintiff has had constant problems filing any and all BP-8's. Initially, the problem did lie with Unit Counselor, A. Williams. At first, he said that he couldn't read my writing and when plaintiff types the BP-10's, he still had trouble processing them in a timely manner, starting with a BP-8 grievance on incident report #138 6410 that he never filed the BP-9 with the Warden's office.

-12-

So, in essence he destroyed an administrative grievance.

42. Plaintiff has had grievances arrive late from the region (BP-10 answers); missing pages; as in BO. #383509-R1 and #379317-R1 that were received 2 weeks after they were initially answered. The first page of plaintiff's BP-9 response. See exhibits "A" and "B". So, the interference and problems didn't just lie at FCI II Victorville but also at the Western Regional Office. It seems that BOP staff, in general, do not take the administrative remedy process seriously.

43. Plaintiff tracked 10 (ten) recently filed grievances. Of those (10) ten only (2) two made it to BP-11 and were actually answered. That means that 80% of plaintiff's grievances were interfered with and stopped before they reached BP-11. If plaintiff did such tracking on grievances filed since 9/15/05. The percentage being processed would be less than 10% (percent). Most of plaintiff's grievances (BP-8's) were <u>not</u> processed by my unit counselors, a-

Williams and Henderson. So how could plaintiff exhaust his administrative remedies? He could not because the administrative process did not work because of B.O.P. staff's interference in such program at all levels (Prison (Warden), Regional Office and Central Office). So, it would be futile to at least exhaust administrative remedies on any issue, concerning plaintiff's prison life.

## INADEQUATE MEDICAL CARE

### SPECIFIC INSTANCES

44. On June 20, 2005, plaintiff re-injured his right knee while in incarceration at USP Victorville. At that time, plaintiff was not given adequate medical treatment. The knee swelled up and plaintiff could not walk for several weeks. There was no evaluation done on such knee. Plaintiff was not seen by an orthopedic doctor. Also, plaintiff has a bulge on his left side in his groin area which is possibly a hernia but never was

-14-

EVALUATED OR TREATED BY DOCTOR BORTON. THE KNEE PROBLEM (RIGHT) WAS LAST EVALUATED IN 2003 WHEN A MRI WAS DONE AND PLAINTIFF SAW AN ORTHOPEDIC SURGEON BUT NO SURGERY WAS RECOMMENDED. SEE DIAGNOSTIC EXAM OF RIGHT KNEE DATED 8/15/03 AND BP-8, BP-9 (379317-R5) AND TORT CLAIM TRT-WXR-2005-03773 DATE 5/20/05, AN EXHIBIT.

## INADEQUATE OPPORTUNITY TO PRACTICE RELIGION

45. SINCE ARRIVING AT FCI II VICTORVILLE THERE WAS NO RABBI. THERE WAS A RABBI (LAZAR) WHO STARTED COMING IN EARLY 2006 (MARCH). IF AND WHEN THE RABBI DID COME, THERE WAS NO PRIOR NOTIFICATION; SO, I SAW THE RABBI ON ONLY ONE OCCASION FROM SEPTEMBER 15, 2005 TO THE PRESENT. BOTH CHAPLAINS SALAZAR AND LONG WERE NOT RESPONSIVE TO PLAINTIFF'S RELIGIOUS NEEDS. THEY BOTH PLACED A BURDEN ON PLAINTIFF TRYING TO PRACTICE HIS RELIGION (JUDAISM) ACCORDING TO THE TORAH (FIRST FIVE BOOKS OF THE OLD TESTAMENT AND JEWISH RELIGIOUS LAW AND CUSTOMS. WHILE AT FCI II VICTORVILLE, THERE WAS NO RELIGIOUS

CELEBRATION THAT TOOK PLACE OF ANY SPECIFIC HOLIDAY WHICH IS ALLOWABLE ACCORDING TO FEDERAL BUREAU OF PRISON'S PROGRAM STATEMENT. SEE P.S.

<u>PRAYER FOR RELIEF</u>

45. PLAINTIFF REQUESTS AN ORDER DECLARING THAT THE DEFENDANTS HAVE ACTED IN VIOLATION OF THE UNITED STATES CONSTITUTION.

PLAINTIFF REQUESTS $25,000 PER DEFENDANT AS COMPENSATORY DAMAGES AND ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL CAPACITY OF ACTING OUTSIDE THE OATH OF OFFICE SIGNED UPON WORKING FOR THE BUREAU OF PRISONS.

DATED THIS 28TH DAY OF JULY 2006.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

NEIL P. SUGARMAN
#56705-097
USP VICTORVILLE