RECEIVED
NOV 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL PARIS SUGARMAN<br>　　Plaintiff,<br><br>v.<br><br>TERESAR BANKS, WARDEN; ET. AL.,<br>　　Respondent. | Civil Action No. 1:06-CV1096 (RWR)<br><br>MOTION TO SHOW CAUSE<br>WHY CASE SHOULD NOT<br>BE TRANSFERRED ALL<br>IN ACCORANDANCE WITH<br>28 U.S.C. §1651 |

　　Plaintiff, Neil Paris Sugarman, a pro se litigant, asks this Honorable court to herar his "Bivens" action and <u>not</u> transfer it to the Central District of California for want of jurisdiction. This court has both venue and personal jurisdiction based on the "headquarters Doctrine".

STANDARD OF REVIEW

　　§1631.  Transfer to Cure Want of Jurisdiction

　　Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the shall, if it is in the interest of justice, transfer such action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to hwich it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

ARGUMENT

<u>Venue is Proper in the District of Columbia</u>

　　Plaintiff has not filed his "instant" claim in the wrong court.

Accordingly, the "Headquarters Doctrine" applies.  This court has venue, by the fact, that the Federal Bureau of Prisons has its headquarters within the jurisdictional confines of this court; and there is ample case law to support this position.  See <u>Corportation for Public Broadcasting, Et. Al. v. The American Automobile Centinental Commission</u>, 1998 Dist Lexis 3016, Civ. No. 97-1810 ; decided March 5, 1998.

<u>Personal Jurisdiction</u>

This court has personal jurisdiction over this non-residential plaintiff where service of process is authorized by statute and where this service of process is consistent with due process.  <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 90 L. Ed. 95, 60 S. Ct. 154 (1945).  Service is authorized bu statute if the forum's longarm statute permits it and service is consistent with due process if the defendant fair warning that certain conduct would render him liable to suit in the forum.  See <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 62 L. ED. 490, 100 S. Ct. 559 (1980); <u>Burger King Corp. V. Rudzewicz</u>, 471 U.S. 462, 471-72, 85 L. Ed. 528, 105 S. Ct. 2174 (1985).  Following congressional intent and the jurisprudence of Maryland and Virginia, D.C. Courts have interpreted the reach <u>of</u> the district's longarm statute to be co-extensive with the scope <u>of jurisdiction</u> persmission under the due process clause.  <u>Environmental Research International, Inc. v. Lockwood Greene Enginerrs, Inc.</u>, 355 A. 2d 80-81 810 (D.C. 1976); <u>Milliken v. Meyer</u>, 311 U.S. 457, 463, 85 L. ed. 278 61 S. Ct. 339 (1941); <u>Mouzavires v. Baxter</u>, 434 A. 2d 988, 991 (D.C. 1981), cert. denied 455 U.S. 1006, 71 L. Ed. 2d 875, 102 S. Ct. 1643 (1983).  Therefore, the need only conduct a simple inquiry of whether exercise of personal jurisdiction is proper under the due

process clause.

Due process requires that the forum be constitutionally "reasonable, in context of our federal system of government." <u>International Shoe</u>, 326 U.S. at 317. In order for aforum to be reasonable, adefendant must have minimal contacts with that forum, such that "traditional notions of fairplay" are not offended. <u>International Shoe</u>, 326 U.S. at 316 (citing <u>Milliken v. Meyer</u>, 311 U.S. 457, 463, 85 L. Ed. 778, 61 S. Ct. 329 (1941). See also <u>Burgerking</u>, 417 U.S. at 472 (Defendant must have"purposely directed" his activities at residents of the forum). The unilateral contact of a resident with a non-resident cannot satisfy the requirement; a non-resident defendant must purposefully avail itself of the privilege of conducting activities within the forum. <u>Hanson v. Denckia</u>, 357 U.S. 235, 253 2 L. Ed. 2d, 1283, 78 S. Ct. 1228 (1958).

The exercise of jurisdiction is proper with district's longarm statute, and does not offend the due process clause 2. Therefore, this court should not transfer this case on t he grounds that it lacks personal jurisdiction over the plaintiff.

<u>Venue</u>

Venue is proper only in a jurisdcition in which (1) a defendant resides or (2) a substantial part of the underlying events occured. Pursuant to 28 U.S.C. §1391(c), a corporation "resides in all district where it is subject to personal jurisdiction."

Therefore, for the above stated reasons herein, the plaintiff requests that this honorable court not transfer such "Bivens" claim to the Central District of California.

Respectfully submitted,

-3-

Dated this 26th day of November.

_____
Neil Paris Sugarman
Fed. reg. No. 56725-097
USP Victorville