UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL PARIS SUGARMAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1096 (RWR) |
| TERESAR BANKS, et al., | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. He challenges the denial of his tort claims by the Bureau of Prisons ("BOP"). Plaintiff was directed to show cause why the case should not be transferred.

The tort claims alleged by plaintiff concern events that occurred at the United States Penitentiary in Victorville ("USP-Victorville") in Adelanto, California. A claim under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). For purposes of venue, plaintiff's residence is his place of incarceration. *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978); *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C.Cir. 1974)(en banc).

Plaintiff resides at a federal prison in Adelanto, California. The acts or omissions complained of by plaintiff took place there. Plaintiff's assertion that venue is proper here because the BOP is located in the District of Columbia is without merit. *See Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C.Cir. 1993)(mere fact that BOP located in District of Columbia insufficient to

confer venue). Accordingly, venue is improper in this Court.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003). As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As is noted above, all the events described in the complaint occurred at USP-Victorville, which is located in the Central District of California. The cause of action arose in that jurisdiction. Any relevant witnesses and potential documentary evidence would be located there. Therefore, in the interest of justice, the case will be transferred to that district.[1]

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that case is TRANSFERRED to the Central District of California. It is hereby

FURTHER ORDERED that plaintiff's motion to amend/supplement [5] is GRANTED. It

---

[1] The Court has previously transferred a related FTCA action filed by plaintiff. *See Sugarman v. United States*, No. 06-708 (D.D.C. Jan. 4, 2007).

is hereby

    FURTHER ORDERED that plaintiff's motion to appoint counsel [10] is DENIED.


                                              _____/s/_____
                                              RICHARD W. ROBERTS
                                              United States District Judge

DATE: January 25, 2007